## González *v.* Collazo.

Apelación procedente de la Corte de Distrito de Aguadilla.

No. 581.—Resuelto en marzo 13, 1911.

Dominio—Título de Propiedad—Adjudicación de una Misma Finca a Diferentes Acreedores.—Si una misma finca se hubiera adjudicado a diferentes acreedores, y no estuviera inscrita en el registro, la propiedad pertenecerá a quien de buena fe sea primero en la posesión, y especialmente si su título es más antiguo.

Apelación—Pruebas Contradictorias.—La apreciación hecha por la corte inferior en los casos de prueba contradictoria, debe aceptarse por el tribunal de apelación si no se demostrara que dicha corte actuó movida por pasión, prejuicio o parcialidad, o que incurriera en manifiesto error.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Carlos Franco Soto.*

Abogados del apelado: *Sres. Augusto Malaret y A. Reichard.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Este es un pleito sobre mejor derecho a la propiedad y posesión de finca rústica. La demanda se presentó originalmente en la Corte Municipal de San Sebastián, alegando, en resumen, que Juan González Mercado siguió un pleito en cobro de pesos contra Emilia Guzmán; que obtuvo sentencia a su favor, y que para satisfacer dicha sentencia finalmente se le adjudicó, por la suma de 490 pesos, cierta finca rústica

de 34 cuerdas de la propiedad de Emilia Guzmán. La adjudicación se hizo constar en escritura pública otorgada el 19 de junio de 1908, escritura que no pudo inscribirse en el registro de la propiedad por no estar inscrita la finca adjudicada, y, el 16 de junio de 1908, el marshal, cumpliendo una orden de la corte municipal, dió posesión al demandante de la expresada finca.

Se alega, además, en la demanda, que con fecha 29 de julio de 1908, el demandado José Collazo Bracero, remató la misma finca de 34 cuerdas por la suma de 190 pesos y las costas, en un pleito que siguió contra la dicha Emilia Guzmán en cobro de pesos, habiéndosele otorgado la correspondiente escritura pública; que el 10 de agosto de 1908 se puso en posesión al demandado de la repetida finca por un marshal, delegado del de la Corte de Distrito de Aguadilla, y que el demandante ha estado en posesión de la finca y ha protestado de los actos de dominio que con perjuicio de sus intereses, ha tratado de ejercitar en ella el demandado.

El demandante concluye su demanda suplicando a la corte que declare que su título y derecho a la propiedad y posesión de la finca es en absoluto mejor que el del demandado; que el título del demandado es nulo y sin efecto en cuanto al demandante, y que se prohiba al demandado y a sus empleados y agentes, que perturban al demandante en el disfrute quieto y pacífico del dominio y posesión de la expresada finca.

El demandado alegó que la demanda no aducía hechos suficientes para determinar una causa de acción y al propio tiempo contestó la demanda negando general y específicamente los hechos consignados en la misma, no conformes con los establecidos por él en su contestación. Tales hechos, en resumen, son los siguientes: Que el demandado en 1°. de octubre de 1907, entabló demanda contra Emilia Guzmán en cobro de pesos ante la Corte Municipal de Lares, y en 25 de octubre de 1907, obtuvo sentencia a su favor, sentencia que fué apelada para ante la Corte de Distrito de Aguadilla y confirmada el 1°. de abril de 1908; que Juan González Mercado,

el demandante, sugestionó a Emilia Guzmán para aparecer como su acreedor simulado y establecer un procedimiento colateral que hiciera ilusoria la reclamación del demandado y que al efecto el dicho González Mercado, con un fin fraudulento y falso, estableció una demanda con posterioridad a la entablada por el demandado y obtuvo un fallo, en la ejecución del cual se le adjudicó la finca de 34 cuerdas descrita en la demanda, finca que es distinta de la adquirida por el demandado; que el fallo obtenido por el demandante es posterior al obtenido por el demandado; que el demandante no está en posesión de la finca adjudicada al demandado y que es el demandado el que está de buena fe en la pacífica posesión de la misma.

La corte municipal desestimó la excepción previa aducida por el demandado y, por el resultado de las alegaciones y de las pruebas, dictó sentencia en favor del demandante. Apelado el caso para ante la Corte de Distrito de Aguadilla, ésta desestimó también la excepción previa y, celebrado el juicio de nuevo por el mérito de las alegaciones y de las pruebas, dictó sentencia en favor del demandante el 21 de abril de 1910, contra la cual se interpuso el presente recurso de apelación.

Hemos estudiado cuidadosamente la transcripción de los autos y el alegato del apelante, único presentado, y, a nuestro juicio, la demanda aduce hechos bastantes para determinar una causa de acción, y la sentencia es justa y debe confirmarse.

Aparece de los autos que demandante y demandado tienen dos títulos de propiedad hechos constar en escrituras públicas no inscritas en el registro de la propiedad, y ambos obtenidos a virtud de sentencias judiciales dictadas a su favor en pleitos sobre cobro de pesos seguidos contra la misma persona. El demandante alega que dichos títulos se refieren a una misma finca rústica y el demandado sostiene que se refieren a fincas distintas. Sometido el caso a la corte y presentada prueba sobre tal extremo, la corte resolvió el con-

flicto en el sentido de que los títulos se refieren a una misma finca.

Establecida esa conclusión, era necesario resolver cuál de los títulos era mejor en derecho, cuál debía subsistir y cuál anularse, y cuál de las partes debía obtener el pleno disfrute del dominio y posesión de la finca de que se trata.

El artículo 1376 del Código Civil revisado dice así:

"Si una misma cosa se hubiese vendido a diferentes compradores, la propiedad se transferirá a la persona que primero haya tomado posesión de ella con buena fe, si fuere mueble.

"Si fuere inmueble la propiedad pertenecerá al adquirente que antes la haya inscrito en el registro.

"Cuando no haya inscripción, pertenecerá la propiedad a quien de buena fe sea primero en la posesión; y faltando ésta, a quien presente título de fecha más antigua, siempre que haya buena fe."

Aplicando el precepto legal transcrito y apreciando las pruebas practicadas, la corte de distrito resolvió que tratándose como se trata en este caso de bienes inmuebles no inscritos en el registro de la propiedad, la finca pertenecía al demandante, que alegó y demostró que era el primero que, de buena fe, había entrado en la posesión de la misma. "No se ha demostrado, dijo el juez de distrito en su sentencia, que el demandante haya obtenido de mala fe la posesión de la finca en que actualmente se encuentra, la cual había tomado primero que el demandado, siendo además el título por dicho demandante presentado anterior al del demandado."

Hemos examinado cuidadosamente las pruebas practicadas y no hemos encontrado que la corte al apreciarlas en favor del demandante, actuara movida por pasión, prejuicio o parcialidad, o que cometiera algún error manifiesto, y en tal virtud, su apreciación debe prevalecer y aceptarse como la justa y procedente.

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Wolf.

Los Jueces Asociados Sres. MacLeary y Aldrey, no tomaron parte en la resolución de este caso.